# NEWS SYNDICATE COMPANY *v.* NEW YORK CENTRAL RAILROAD COMPANY ET AL.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 235. Argued October 5, 6, 1927.—Decided November 21, 1927.

1. Where a railroad of the United States and a railroad of the Dominion of Canada unite in the publication of a joint through rate from a point within the Dominion of Canada to a point within the United States, the rate covering transportation both in Canada and in the United States, the Interstate Commerce Commission has jurisdiction, on complaint of a shipper or consignee made against the United States railroad alone, to determine the reasonableness of such joint through rate, for the ascertainment of damages. P. 186.

2. Where a shipper or consignee of freight shipped to it at a destination in the United States from such point in the Dominion of Canada has paid at destination to the United States railroad the full published joint through freight rate thereon, the Interstate Commerce Commission, upon a finding by it that such joint through rate was unreasonable and unjust, but in the absence of a finding that the charges for the transportation in so far as it took place within the United States were unjust and unreasonable, has jurisdiction to make an order for the payment of damages to such shipper or consignee in the amount that the entire transportation charges on the basis of the joint through freight rate exceeded the charges which would have been assessed on the basis of the joint through freight rate found by the Commission to have been reasonable. P. 187.

3. When the Interstate Commerce Commission has made such an order against the United States carrier alone for the payment of damages arising from its finding of the unreasonableness of such published joint through rate, a suit thereon can be maintained solely against the United States carrier. P. 188.

4. An inquiry from the Circuit Court of Appeals (Jud. Code § 239) which is not specific or confined to any distinct question or proposition of law, need not be answered. P. 188.

RESPONSE to questions propounded by the Circuit Court of Appeals on review of a judgment from the District Court dismissing a suit on a reparation order.

*Mr. Luther M. Walter,* with whom *Messrs. John S. Burchmore* and *Nuel D. Belnap* were on the brief, for the News Syndicate Co.

Congress has power to make carriers operating in the United States and subject to its laws liable for damages resulting from the exaction of an unreasonable joint through rate maintained by the joint action of American and Canadian lines and applied to a transportation service rendered from a point in Canada to a point in the United States. *Gibbons* v. *Ogden,* 9 Wheat. 1.

The Interstate Commerce Commission has uniformly upheld its own jurisdiction to award reparation for damages resulting from the application of an unreasonable joint through rate from a point in Canada to a point in the United States. *Baer Bros. Mercantile Co.* v. *Denver & R. G. R. R. Co.,* 233 U. S. 479; 15 Ruling Case Law, 124, 130; *Internat. Nickel Co.* v. *Director General,* 66 I. C. C. 627; *Broedel-Donovan Lumber Mills* v. *Director General,* 68 I. C. C. 96; *American Cyanamid Co.* v. *Director General,* 69 I. C. C. 337; *Arnhold Brothers* v. *Director General,* 69 I. C. C. 685; *United States Graphite Co.* v. *Director General,* 88 I. C. C. 157; *Texas & Pacific R. R. Co.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426; *Southern Pacific* v. *Railroad Commission,* 194 Cal. 734,

The courts have repeatedly construed the Interstate Commerce Act as applying to commerce between the United States and foreign countries. *United States* v. *Grand Trunk Ry.,* 225 Fed. 283; *Galveston, H. & San Antonio Ry.* v. *Woodbury,* 254 U. S. 357; *Western Union* v. *Estève Brothers & Co.,* 256 U. S. 566; *Armour & Co.* v. *United States,* 153 Fed. 1; aff'd. 209 U. S. 56.

The Commission and the courts can compel the payment of damages by carriers operating within the United

States, even though the Canadian carriers can not be reached    *Louisville & Nashville R. Co.* v. *Sloss-Sheffield S. & T. Co.,* 269 U. S. 217; *Internat. Nickel Co.* v. *Director General,* 66 I. C. C. 627; *I. C. C.* v. *L. & N. R. R. Co.,* 118 Fed. 613.

The jurisdiction of the Commission does not depend on the form of rate publication. *C., N. O. & T. P. R. R.* v. *I. C. C.,* 162 U. S. 184; *Illinois Central* v. *I. C. C.,* 206 U. S. 441; *Minneapolis & St. Louis Ry.* v. *Minnesota, ex rel. Railroad & Warehouse Commission,* 186 U. S. 257; Elkins Act, 32 Stat. 847; 34 Stat. 584.

The joint through rate was carried in tariffs lawfully on file with the Commission, and shippers could not lawfully pay any other or different rate. Interstate Commerce Act, § 6, Par. 7; Elkins Act, § 1, 32 Stat. 847; 34 Stat. 584; *United States* v. *Grand Trunk Railway,* 225 Fed. 283; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Woodbury,* 254 U. S. 357; *Armour & Co.* v. *United States,* 209 U. S. 56.

The whole amount by which the joint through rate was unreasonable accrued to the carriers operating within the United States in excess of the amount which would have accrued to said carriers if the rate found reasonable by the Commission had been in effect.

*Mr. Parker McCollester,* with whom *Mr. F. D. Mc-Kenney* was on the brief, for The New York Central Railroad Company.

Section 13 of Interstate Commerce Act provides for complaint only "of anything done . . . in contravention of the provisions" of the Act.

Sections 15 and 16 of Interstate Commerce Act authorize Commission to make findings and orders only with respect to violations of provisions of the Act.

A statute cannot ordinarily have extraterritorial effect. *Gal., H. & S. A. Ry.* v. *Wallace,* 223 U. S. 481; *N. Y. Cent. R. R.* v. *Chisholm,* 268 U. S. 29.

Application of the Act's provisions with respect to transportation between United States and a foreign country is limited to transportation "only in so far as such transportation . . . takes places within the United States." § 1.

That the rate for through transportation from a point in Canada to a point in the United States is published as a joint through rate, rather than as separate charges for the portions of the transportation on both sides of the international boundary, does not operate to extend the Commission's jurisdiction. The Commission would not have jurisdiction of through rate if portion for Canadian part of transportation were separately published.

That the portion of joint rate covering transportation in the United States is not separately shown in tariffs, does not prevent Commission from determining reasonableness thereof when facts as to such portion of the charge are presented to it. The Commission exercises similar authority in determining reasonableness of divisions under Section 15 of Interstate Commerce Act. *New England Divisions Case*, 261 U. S. 184.

The Commission has itself recognized this limitation of the application of the Act and of its jurisdiction, except in recent reparation cases. *Payment of Charges*, 59 I. C. C. 263; *Int. Paper Co. v. D. & H. Co.*, 33 I. C. C. 270; *Carey Co. v. G. T. W. Ry. Co.*, 36 I. C. C. 203; *Carlowitz & Co. v. C. P. Ry. Co.*, 46 I. C. C. 290; *Good v. G. N. Ry. Co.*, 48 I. C. C. 435; *Eastern Car Co. v. C. G. Ry.*, 51 I. C. C. 627; *Booth Fisheries Co. v. Am. Exp. Co.*, 53 I. C. C. 735; *American Cyanamid Co. v. Director General*, 69 I. C. C. 337; *Southern Acid etc. Co. v. A. & N. M. Ry. Co.*, 74 I. C. C. 641; *Elimination from Certain Routes*, 115 I. C. C. 609; *Rates on Petroleum*, I. & S. Docket No. 2871.

The only two classes of cases in which the Commission has attempted to deal with joint through rates to or from a foreign country are, first, cases in which it has ordered American carriers to cease from joining in rates believed by it to be unreasonable (*Publishers' Assoc.* v. *B. & O. R. R. Co.*, 98 I. C. C. 339; *Pulp & Paper Mills, Ltd.* v. *A. & W. Ry. Co.*, 120 I. C. C. 251), and second, cases in which it has awarded reparation to basis of lower joint through rates. *Int. Nickel Co.* v. *Director General,* 66 I. C. C. 627.

The Commission's authority to make a reparation order depends upon a determination by it of a violation of the Interstate Commerce Act, and only to the extent of the damages caused by such violation.

Section 8 of the Act imposes liability on a carrier only for damages caused by violation of its provisions. *Louisville & Nashville R. R.* v. *Sloss-Sheffield Company,* 269 U. S. 217; *Atlantic Coast Line* v. *Riverside Mills,* 219 U. S. 186.

The Commission has held itself without jurisdiction to award damages where conduct complained of did not violate the act. *Rosser & Fitch* v. *A. C. L. R. R. Co.*, 91 I. C. C. 611; *National Traffic League* v. *A. & R. R. R. Co.*, 61 I. C. C. 120; *Guyton & Harrington Co.* v. *L. & N. R. R. Co.*, 50 I. C. C. 546; *Bus Co.* v. *N. Y. C. R. R. Co.*, 45 I. C. C. 161; *Atlas Portland Cement Co.* v. *L. V. R. R. Co.*, 32 I. C. C. 487.

Since Section 1 of the Interstate Commerce Act limits the application of the provisions of the Act to transportation from Canada in so far as such transportation takes place within the United States, a determination that joint through rate covering the entire transportation is unreasonable is not a determination of a violation of the Act.

The difference between the functions of the Commission in awarding reparation and in prescribing rates for

the future, pointed out in decision in *Baer Brothers* v. *Denver & R. G. R. R.*, 233 U. S. 479, does not sustain difference in territorial extent of Commission's authority in the two classes of cases.

A finding of a violation of the Act is a prerequisite to an order prescribing rates for the future, as well as to an order for reparation. *I. C. C.* v. *L. & N. R. R. Co.*, 227 U. S. 88; *Wichita R. R.* v. *Pub. Util. Comm.*, 260 U. S. 48.

If, as is conceded, the Commission could not in advance have prescribed lower rates to be charged on shipments here involved, it is inconsistent to hold that after shipments have moved it can accomplish same result and effect a retroactive reduction of rates by a reparation order. *N. Y. Cent. R. R.* v. *N. Y. & Penna. Co.*, 271 U. S. 124.

Mr. JUSTICE BUTLER delivered the opinion of the Court.

Plaintiff in error sued for amounts of reparation awarded by the Interstate Commerce Commission. Defendants in error demurred to the complaint, asserting that it failed to state a cause of action, and that the Commission's order was void for want of jurisdiction because it dealt solely with charges for transportation from a point in Canada to a point in the United States. The district court sustained the demurrer and gave judgment of dismissal. The case was taken to the Circuit Court of Appeals; and, after hearing the parties, that court certified certain questions concerning which it desires instructions for the proper decision of the cause. § 239, Judicial Code. U. S. C. Tit. 28, § 346.

The certificate shows that, June 28, 1923, plaintiff in error complained to the Interstate Commerce Commission against defendants in error and others that during the preceding two years it shipped numerous carloads of news-

print paper from Thorold, Ontario, to New York City, and bore charges exacted by defendants in error based on through rates of 37 cents per hundredweight prior to July 1, 1922, and 33.5 cents thereafter, and that these rates and the portions thereof applicable to the transportation within the United States were excessive, unduly discriminatory and unjustly prejudicial in violation of the Interstate Commerce Act; that the Commission found the rate in force between August 26, 1920, and July 1, 1922, unreasonable to the extent it exceeded 32 cents and the rate thereafter applied unreasonable to the extent that it exceeded 29.5 cents, and that plaintiff in error suffered damages in respect of its shipments after July 2, 1921, in the amounts by which the charges were so found to be unreasonable and was entitled to reparation from the carriers that " engaged in the transportation of those shipments within the United States."

The reports of the Commission set out in the certificate (95 I. C. C. 66; 102 I. C. C. 365) show that Thorold is a place in Ontario on the Canadian National Railways 30 miles from Black Rock, New York, where connection is made with the New York Central, the Delaware, Lackawanna and Western and other lines, and 12 miles from Suspension Bridge, New York, where connection is made with the New York Central, Lehigh Valley and other lines, and that Black Rock is 414 miles and Suspension Bridge is 447 miles from New York City. The rates complained of applied over several railroads from each of these junctions. No rates were made or published for the transportation from the international boundary to New York City. The Commission did not determine what would be just and reasonable rates for this transportation.

The questions certified follow.

" 1. Where a railroad of the United States and a railroad of the Dominion of Canada unite in the publication

of a joint through rate from a point within the Dominion
of Canada to a point within the United States, the rate
covering transportation both in Canada and in the United
States, has the Interstate Commerce Commission of the
United States jurisdiction, on complaint of a shipper or
consignee made against the United States railroad alone,
to determine the reasonableness of such joint through
rate?

" 2. Where a shipper or consignee of freight shipped to
it at a destination in the United States from such point
in the Dominion of Canada has paid at destination to the
United States railroad the full published joint through
freight rate thereon, has the Interstate Commerce Com-
mission, upon a finding by it that such joint through rate
was unreasonable and unjust, but in the absence of a find-
ing that the charges for the transportation in so far as
it took place within the United States were unjust and
unreasonable, jurisdiction to make an order for the pay-
ment of damages to such shipper or consignee in the
amount that the entire transportation charges on the basis
of the joint through freight rate exceeded the charges
which would have been assessed on the basis of the joint
through freight rate found by the Commission to have
been reasonable?

" 3. When the Interstate Commerce Commission has
made such an order against the United States carrier
alone for the payment of damages arising from its find-
ing of the unreasonableness of such published joint
through rate, can a suit thereon, under section 16 of the
Interstate Commerce Act, be maintained solely against
the United States carrier?

" 4. Did the District Court err in sustaining the de-
murrer to the said petition? "

As to question 1.—The Interstate Commerce Act ap-
plies to the lines that carried, and to the transportation
of, the paper from the international boundary to New

York City. , § 1 (1) and (2).*. It was the duty of defendants in error to establish just and reasonable rates for that service.  § 1 (5), § 6 (1) and (7). · They failed to make-or publish any rate applicable to that part of the transportation. Section 8 makes them liable for damages sustained in consequence of such failure. Had the through rate been just and reasonable, no damages would have resulted to plaintiff in error. Its right to reparation does not depend upon the amounts retained by defendants in error pursuant to agreed divisions. *Louisville & Nashville R. R.* v. *Sloss-Sheffield Co.*, 269 U. S. 217, 231.  Their breach of the statutory duty was a proximate cause of the losses complained of.  The failure to establish rates covering the transportation from the international boundary contravened the provisions of the Act and compelled plaintiff in error to pay the through charges complained of.  The Commission had jurisdiction to determine whether plaintiff in error was entitled to an " award of damages under the provisions of this Act for a violation thereof."  § 16 (1).  And it was the duty of the Commission to ascertain the damages sustained.  It is obvious that, in the ascertainment of damages, the Commission had jurisdiction to determine the reasonableness of the charges exacted.

As to question 2.—The Commission did not specifically find whether the portions of the charges fairly attributable to transportation within the United States were excessive to the extent that the through rates were found unreasonable.  While the findings seem to indicate that the Commission held the entire excess should be charged against the American lines, we shall consider the question on the basis therein stated. , The Canadian lines furnishing the transportation from Thorold to the international boundary were not before the Commission

* United States Code, Title 49, chapter 1, contains the Interstate Commerce Act, preserving the section numbers.

and were not sued. The defendants in error partici-
pated in the making of the through rate and actually
collected the excessive charges. By their failure to
comply with the Act, plaintiff in error was compelled to
pay charges based on the through rates. On the facts
stated, the Commission was authorized to hear the com-
plaint, § 13 (1), and had jurisdiction to make the order.
§ 16 (1). The question should be answered in the
affirmative.

As to question 3.—The statement of the case and what
has been said as to questions 1 and 2 make it plain that
this question should be answered in the affirmative.

As to question 4.—Section 239 authorizes the Circuit
Court of Appeals to certify to this court " any questions
or propositions of law concerning which instructions are
desired for the proper decision of the cause." It is well-
settled that this statute does not authorize the lower
court to make, or require this court to accept, a transfer
of the case. The inquiry calls for decision of the whole
case. It is not specific or confined to any distinct ques-
tion or proposition of law, and therefore need not be
answered. *The Folmina,* 212 U. S. 354, 363; *United
States* v. *Bailey,* 9 Pet. 267, 273–274; *United States* v.
*Mayer,* 235 U. S. 55, 66, and cases cited.

> *Question 1 is answered " Yes, for the ascertain-
> ment of damages."*
> *Question 2 is answered "Yes."*
> *Question 3 is answered " Yes."*
> *Question 4 is not answered.*