[Civ. No. 7280. First Appellate District, Division Two.—June 16, 1930.]

LEWIS–SIMAS–JONES COMPANY, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

E. W. Hollingsworth for Appellant.

Henley C. Booth, James E. Lyons, A. Burton Mason and A. L. Whittle for Respondent.

SPENCE, J.—Appellant brought an action against respondent under the provisions of section 16 of the Interstate Commerce Act (U. S. Code, title 49 [49 U. S. C. A., sec. 16]) to enforce an award of the Interstate Commerce Commission. This appeal is taken from a judgment in favor of respondent.

In 1923 respondent delivered to appellant at San Francisco three carloads of cow-peas which respondent in conjunction with the Southern Pacific Company of Mexico had transported on through bills of lading and joint through rates from Navojoa, Mexico. The shipments were trans-

ported by the Mexican carrier from Navojoa, Mexico, to Nogales, Arizona, and by respondent from Nogales, Arizona, to San Francisco. Respondent collected the freight charges from appellant at San Francisco. These charges were based upon a joint through rate maintained by the Southern Pacific Company of Mexico and respondent, which joint through rate was published and filed with the department of communications and public works of the republic of Mexico and with the Interstate Commerce Commission. In the proceedings instituted by appellant against respondent before the Interstate Commerce Commission the commission found that such joint through rate was unreasonable and awarded damages to appellant based upon the excess of the rate charged over the rate determined by the commission to be a reasonable joint through rate. In the present action to enforce the award the trial court found that at all times during which appellant's shipments were in the course of transportation from Navojoa, Mexico, to San Francisco the respondent maintained and published in a tariff on file with the Interstate Commerce Commission a rate applicable on carload shipments of cow-peas originating at the international boundary line at Nogales, Arizona, and destined to San Francisco; that said rate was at all times reasonable and lawful and that said rate was not alleged to be unreasonable in the complaint filed with the Interstate Commerce Commission; that appellant introduced no evidence before the commission to show that the last-mentioned rate was other than reasonable and lawful for application upon shipments of cow-peas from Nogales, Arizona, to San Francisco; and that the commission made no finding with respect hereto. ▆ Respondent's defense was that the commission was without jurisdiction to make the award for damages. The trial court so concluded and rendered judgment in favor of respondent. This appeal is taken upon the judgment-roll alone and the jurisdictional question is the sole question presented for determination.

The jurisdictional question here involved does not relate to the power of Congress under the Constitution, but to the jurisdiction conferred upon the Interstate Commerce Commission by the Interstate Commerce Act. The transportation over which the commission has jurisdiction is defined and limited by section 1 of the act. Paragraph 2 of such

section reads in part: "The provisions of this chapter shall also apply to such transportation of passengers and property and transmission of intelligence, but only in so far as such transportation or transmission takes place within the United States." A similar limitation is found in the language of paragraph 1 of that section. It is conceded by appellant that the commission has no power under the act to determine the reasonableness of joint through rates for the purpose of fixing future joint rates on transportation originating in foreign countries. It is further conceded that the jurisdiction of the commission to award damages extends only to cases where a carrier subject to the provisions of the act has failed to comply with its duty under the act. It is contended, however, that the commission had jurisdiction to award damages in the present case under the authority of *News Syndicate Co.* v. *New York Cent. R. R. Co.*, 275 U. S. 179 [72 L. Ed. 225, 48 Sup. Ct. Rep. 39]. That decision was handed down during the pendency of the present litigation and is relied upon both by appellant and respondent on this appeal.

In that case the shipment originated at Thorold, Ontario, Canada, destined for New York City. The commission found that the joint through rate charged was unreasonable and that the plaintiff in error suffered damages in the amount by which the charges were found to be unreasonable and was entitled to reparation from the carrier that engaged in the transportation of these shipments within the United States. No rates were made or published for the transportation of such shipments from the international boundary to New York City and the commission did not determine what would be a reasonable rate for this transportation. In the District Court the defendants in error demurred to the complaint on the grounds that the complaint failed to state a cause of action and that the commission's order was void for want of jurisdiction. The demurrer was sustained and judgment of dismissal entered. After hearing in the Circuit Court of Appeals that court certified certain questions to the United States Supreme Court. The first question certified was:

"1. Where a railroad of the United States and a railroad of the Dominion of Canada unite in the publication of a joint through rate from a point within the Dominion of Canada to

a point within the United States, the rate covering transportation both in Canada and in the United States, has the interstate commerce commission of the United States jurisdiction, on complaint of a shipper or consignee made against the United States railroad alone, to determine the reasonableness of such joint through rate?''

The answer given was, ''Question 1 is answered 'Yes, for the ascertainment of damages.' ''

In discussing this question the court said: ''The Interstate Commerce Act applies to the lines that carried, and to the transportation of, the paper from the international boundary to New York City. Sec. (1) and (2). It was the duty of defendants in error to establish just and reasonable rates for that service. Sec. 1 (5), sec. 6 (1) and (7). They failed to make or publish any rate applicable to that part of the transportation. Section 8 makes them liable for damages sustained in consequence of such failure. Had the through rate been just and reasonable, no damages would have resulted to plaintiff in error. Its right to reparation does not depend upon the amounts retained by defendants in error pursuant to agreed divisions. *Louisville & Nashville R. R. Co.* v. *Sloss-Sheffield Co.*, 269 U. S. 217, 231 [70 L. Ed. 242, 46 Sup. Ct. Rep. 73]. Their breach of the statutory duty was a proximate cause of the losses complained of. The failure to establish rates covering the transportation from the international boundary contravened the provisions of the act and compelled plaintiff in error to pay the through charges complained of. The commission had jurisdiction to determine whether plaintiff in error was entitled to an 'award of damages under the provisions of this act for a violation thereof.' Sec. 16 (1). And it was the duty of the Commission to ascertain the damages sustained. It is obvious that, in the ascertainment of damages, the Commission had jurisdiction to determine the reasonableness of the charges exacted.''

The second question certified was, ''2. Where a shipper or consignee of freight shipped to it at a destination in the United States from such point in the Dominion of Canada has paid at destination to the United States railroad the full published joint through freight rate thereon, has the Interstate Commerce Commission, upon a finding by it that such joint through rate was unreasonable and unjust, but in the

absence of a finding that the charges for the transportation in so far as it took place within the United States were unjust and unreasonable, jurisdiction to make an order for the payment of damages to such shipper or consignee in the amount that the entire transportation charges on the basis of the joint through freight rate exceeded the charges which would have been assessed on the basis of the joint through freight rate found by the commission to have been reasonable?"

The answer given was, "Question 2 is answered, 'yes.'" In discussing this question the court in part said, "By their failure to comply with the Act, plaintiff in error was compelled to pay charges based on the through rates. On the facts stated, the commission was authorized to hear the complaint, sec. 13 (1), and had jurisdiction to make the order."

It is apparent that the United States Supreme Court in answering these questions very clearly pointed out that the violation of the act consisted of the failure to establish rates covering the transportation from the international boundary to New York City. In answering the first question regarding the jurisdiction to determine the reasonableness of the joint through rate, the court qualified its affirmative answer by the words "for the ascertainment of damages." The answer to the second question was in the affirmative, but the commissioner's authority was decided "on the facts stated." The act was there violated by the carrier's failure to make or publish any rate whatsoever applicable to that part of the transportation between the international boundary and New York City and this violation of the act compelled the plaintiff to pay the unreasonable joint through rates complained of. In determining the damage proximately caused to the plaintiff in error by this violation of the act, it was necessary for the commission to determine the reasonableness of the joint through charges.

In the present case respondent maintained and published a rate as required by the act on shipments from the international boundary at Nogales, Arizona, to San Francisco, which rate was not found to be unreasonable by the commission. The appellant was not compelled to pay the joint through rate by reason of any violation of the act on the

part of respondent. The jurisdiction of the commission to award damages must be predicated upon a violation of the act and where there is no evidence to show that there has been such violation, the commission is without jurisdiction to make an award of damages.

The question relating to the judgment awarding to respondent its costs has now become moot as respondent has filed in the trial court a satisfaction of the judgment for costs and a certified copy thereof has been filed with this court.

The judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 13, 1930.