## GREAT NORTHERN RY. CO. v. SULLIVAN.[*]

### No. 9871.

Circuit Court of Appeals, Eighth Circuit.

Sept. 4, 1934

J. P. Plunkett, of St. Paul, Minn. (R. J. Hagman, of St. Paul, Minn., on the brief), for appellant.

Stanley B. Houck, of Minneapolis, Minn. (Ormie C. Lance, of Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

Appellee, as plaintiff, brought this action against appellant to recover damages by way of reparation in the sum of $3,990.20, which amount had been awarded him by an order of the Interstate Commerce Commission in a proceeding entitled Alberta Coal Sales Company et al. v. Canadian National Railways et al., Docket No. 19997. Appellee was one of the complainants in that proceeding.

Appellant is a common carrier engaged in the transportation of property, including property originating at points on the Canadian Pacific Railway Company in Canada, and it was one of the defendants in said proceeding before the Interstate Commerce Commission.

[*]Writ of certiorari granted 55 S. Ct. 216, 79 L. Ed. ——.

We shall refer to the parties as they were designated in the lower court.

During the years 1925 to 1928, inclusive, plaintiff shipped numerous carloads of coal from points originating in the province of Alberta, Canada, on the line of the Canadian Pacific Railway Company, to points on defendant's line of railroad in the state of North Dakota. These shipments moved from points of origin to destination on bills of lading executed at points of origin. The freight charges collected were computed by the use of a rate made up of two factors, one a proportional rate from points of origin to the international boundary, applicable only to coal destined to points beyond the boundary, and the other, a proportional rate from the international boundary to destination points in North Dakota, applicable only to coal shipments originating in Canada. The entire freight charges as published in these applicable tariffs were collected by defendant, and it in turn accounted to the Canadian line for the proportion of the charges due it.

On complaint of plaintiff alleging that the rates and charges collected for that portion of the haul from the international boundary to destination in North Dakota were unjust and unreasonable, in violation of section 1 of the Interstate Commerce Act (49 USCA § 1), the Interstate Commerce Commission, in the proceeding above referred to, found these rates to be unjust, unreasonable, and excessive to the extent that they exceeded a scale of rates set forth in the decision of the Commission, and the Commission thereupon entered an order requiring defendant to pay plaintiff damages by way of reparation in the sum of $3,990.20, the damages being calculated on the basis of the difference between the published rates as collected by the defendant and the scale of rates found by the Commission to be the maximum reasonable rates applicable to the transportation of the traffic in question. Defendant having refused to comply with this order, plaintiff brought this action to recover judgment for the amount of the award, together with interest thereon.

On this appeal it is contended by defendant that (1) plaintiff suffered no recoverable damage in consequence of the violation of the Interstate Commerce Act, because it was neither charged nor proven that the entire through rate was unreasonable; and (2) that the mere fact that the rates from the international boundary, as fixed by the published tariff of defendant, were found to be unreasonable and unjust, did not authorize the Commission to award damages for past violation, but only warranted it to forbid the use of the rate in the future because there was no finding that the through rate was unreasonable.

■■ As has been observed, defendant's rate from the international boundary was a proportional one, made applicable only to coal shipments originating in Canada. It was defendant's duty to publish and charge a just and reasonable rate for the transportation of plaintiff's freight from the international boundary to points in the United States. Section 1 of the Interstate Commerce Act (49 USCA § 1) provides that it shall apply to common carriers engaged in the transportation of property wholly by railroad from or to any place in the United States to or from a foreign country, but only in so far as such transportation takes place within the United States. The Interstate Commerce Act does not empower the Commission to prescribe or regulate a joint through international rate, but it has the power to regulate the rate over that part of the transportation which takes place within the United States. Interstate Commerce Act, 24 Stat. 379, 380, as amended, § 1 (1, 2, 5) and § 6 (1, 7, 8) title 49 USCA § 1, subds. (1), (2), and (5), and section 6, subds. (1), (7), and (8).

The evidence introduced before the Commission is not before us, but no attack is made upon the findings of the Commission that the rates as published and charged by the defendant from the international boundary line were unreasonable and unjust. The defendant therefore violated this provision of the Interstate Commerce Act. While not disputing this violation of the act, as found by the Commission, defendant contends that it was not only necessary to prove that it had violated the act, but that the plaintiff had been damaged by reason of that violation.

■ In collecting the exorbitant freight charges on the traffic in question, defendant committed a tort, making it liable for any damage resulting therefrom, but defendant ingeniously argues that, inasmuch as the Commission did not find that the entire through rate was excessive or exorbitant, it cannot be said that plaintiff has been injured. The tariff as published established the rate in question as a proportional rate. It was applicable only as a part of the through rate, and as such it was found to be unjust, unreasonable, and excessive. In other words, the Commission considered this rate, not as an independent rate from the international boundary to the point of destination, but as a part of the international through rate from point

of origin to point of destination. If, as argued by defendant, the rate from the point of origin to the international boundary may have been very low, still we must assume that the Commission considered the rate in question as a part of the through rate.

The contention now made may well have been urged before the Commission, and we may presume that it was so urged. But, notwithstanding that fact, the Commission found the tariff published and the rate charged and collected by the defendant pursuant thereto unreasonable and excessive. This is not a case in which the defendant has violated the Commerce Act by failure to publish a rate from the international boundary, nor is it a case in which it has violated the act by participating in an unreasonable joint through international rate, but it has committed a tort because it has collected the exorbitant and unreasonable rate from the international boundary as published in its tariff. Lewis, etc., Co. v. Southern Pacific Co., 283 U. S. 654, 51 S. Ct. 592, 75 L. Ed. 1333; News Syndicate Co. v. New York Central R. Co., 275 U. S. 179, 48 S. Ct. 39, 72 L. Ed. 225.

This violation of the act by the defendant has resulted in damage to the plaintiff, which is measured by the difference between the unjust and unreasonable charge exacted and the maximum rate found by the Interstate Commerce Commission to be reasonable and just, with interest upon the amount of such difference. Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., 269 U. S. 217, 46 S. Ct. 73, 70 L. Ed. 242.

The judgment appealed from is therefore affirmed.