## GREAT NORTHERN RAILWAY CO. *v.* SULLIVAN.

No. 499. Argued February 14, 15, 1935.—Decided March 4, 1935.

---

*Mr. J. P. Plunkett,* with whom *Mr. R. J. Hagman* was on the brief, for petitioner.

*Mr. Stanley B. Houck,* with whom *Mr. Ormie C. Lance* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondent sued the railway company in the District Court for Minnesota to recover $3,990.20 awarded by the Interstate Commerce Commission as reparation. 142 I. C. C. 543. That court gave him judgment; the Circuit Court of Appeals affirmed. 72 F. (2d) 587. We are called on to decide whether the uncontroverted facts and those found by the commission are sufficient to warrant the conclusion that he sustained damage in consequence of violation of the Act by defendant.

Plaintiff, a wholesale dealer, bought carloads of lignite at mines on the Canadian Pacific in Alberta, and sold the same to retail dealers and others in North Dakota at Great Northern stations in competition with other fuels. The shipments moved on combination rates, being the sum of proportionals made respectively by the Canadian Pacific and the Great Northern,[1] applicable from mines to destinations, and on through bills of lading issued by the former, routing over its railroad to junction with the latter

[1] Canadian Pacific Tariff No. W–5379, I. C. C. No. W–723. Great Northern I. C. C. No. A–5681, G. F. O. No. 435–G.

at the international boundary and thence over the railroad last mentioned to places of delivery. The combination rates necessarily reflect agreement, express or implied, between the connecting carriers to establish a through route for continuous carriage from origin on one to destination on the other. Each proportional necessarily was a part of the through rate and was capable of use only as such. *St. Louis S. W. Ry. Co.* v. *United States,* 245 U. S. 136, 139, note 2. They show the basis of division of charges between connecting carriers and serve precisely as do agreed divisions of charges based on joint rates. A proportional differs from a local rate in that it covers only terminal service at place of receipt or at place of delivery but cannot, as does the local rate, cover both. *Lewis-Simas-Jones Co.* v. *Southern Pacific Co.,* 283 U. S. 654, 663.[2] There

---

[2] As to inland hauls of exports or imports by sea to or from foreign countries see Mobile Chamber of Commerce *v.* M. & O. R. Co., 23 I. C. C. 417, 425: "It is easy to be misled by the use of the term 'through bill of lading,' for it implies that the originating carrier has undertaken to carry the traffic from point of origin to an ultimate point of destination—say, from Memphis to Liverpool—and that the originating carrier under the present law is responsible for the fulfillment of this contract of carriage. But the through bill of lading that is given by the rail carriers upon movements of traffic through Mobile . . . to Europe is not at all of this character. It is a receipt on the part of the railroad for the carriage to the port and a receipt by the ship line for the carriage from the port to Europe. This receipt for carriage beyond the port is not given in the name of the rail carrier, but in the name of the steamship company . . . is in reality a separate bill of lading which is attached to the railroad bill of lading . . . This practice of making a divisible bill of lading showing the ultimate destination of the shipment by water, both of the rates being sometimes stated separately—the rate to the port and the rate from the port, or only one rate being stated, that to the port—is a railroad practice instituted for the convenience of all concerned. The ship line is operated in physical connection with the rail line, but the rail line receives none of the ship line's earnings, makes no division of a through rate with the ship, suffers none of its loss, and takes none of its hazards. The furnishing of a through bill of lading

was no applicable joint rate. The Great Northern collected the charges and paid the Canadian Pacific amounts equal to the proportionals established by the latter.

Plaintiff and another complained to the commission alleging the proportionals filed by the Great Northern and other American carriers to be unjust and unreasonable, in violation of § 1. They did not attack the combination or allege aught against the Canadian Pacific proportional. They prayed merely reasonable maximum American proportionals and reparation to the extent of the excess over such maxima. The commission found the American proportionals to be unjust and unreasonable so far as they exceed specified maxima which it made applicable in lieu of those assailed. It made no finding concerning the reasonableness of the Canadian proportionals or of the combination through rates. There being no claim or finding to the contrary, the charges collected on these shipments must be deemed to have been just and reasonable. Indeed, dissenting commissioners, without opposition on the part of the others, state that they are affirmatively shown to be reasonable.

The Great Northern was by the Act required to file tariffs establishing reasonable proportionals to constitute

in connection with ship-side delivery at the port of Mobile is not a contract by the rail carrier for shipment beyond at a specified rate, or at any rate, nor does it carry with it any of the elements attaching to the through bill issued by a rail carrier with a rail connection. To call it a through bill of lading is therefore in fact a misnomer."

Through bills of lading issued under the Interstate Commerce Act, § 25 (4) (5), do not constitute " an arrangement for continuous carriage or shipment " within the meaning of the Act. Bills of Lading, 52 I. C. C. 671, 730. Export Bill of Lading, 64 I. C. C. 347.

The Commission deals with rates applicable to inland hauls above referred to and with reparation without consideration of charges or factors attributable to transportation by sea or in foreign countries. Ullman v. Adams Express Co., 14 I. C. C. 340, 345. Chamber of Commerce of N. Y. v. N. Y. C. & H. R. R. Co., 24 I. C. C. 55, 74. Henry Marble Co, v, B. & O. R. Co., 146 I. C. C. 414,

and to be kept in force as factors in the combination through rates applicable to plaintiff's shipments. Its failure to specify just and reasonable charges was a violation of the Act. And, if injured thereby, plaintiff is entitled to recover the damages sustained in consequence of such failure. 49 U. S. C. § 8. Plaintiff invokes *News Syndicate Co.* v. *N. Y. Central R. Co.,* 275 U. S. 179, and *Lewis-Simas-Jones Co.* v. *Southern Pacific Co., supra.* But neither is like this case. In each, shipments moved from an adjacent country into the United States on through rates made by joint action of the participating foreign and American carriers. The American carrier, having violated the Act by failure to file any tariff to cover its part of the transportation, collected freight charges found to be excessive and, as one of two or more joint tort-feasors, was held liable to the extent that the charges it exacted were in excess of what the commission ascertained to be just and reasonable. But here the charges collected were not excessive, and confessedly the same amounts lawfully might have been collected without injury or damage to plaintiff if only the connecting carriers had imposed the charges by means of " joint " instead of the " combination " through rates that they did establish.

If defendant's proportional, added to that established by the Canadian Pacific, had produced an unjust rate, then to the extent that the total charge was excessive, plaintiff would have been subjected to a disadvantage in competing with others selling fuel in the same territory. The commission has power to determine rates to be unreasonable in violation of § 1 without determining whether their application has resulted or will result in pecuniary loss or damage to the shipper. It may determine whether a proportional constituting a part of a combination rate violates § 1, without passing upon the validity of the rate as a whole. *Atchison, T. & S. F. Ry. Co.* v. *United States,* 279 U. S. 768, 776. But the commission may not order

or permit payment of damages by way of reparation without finding that the amount of the charge was unjust and unreasonable. *News Syndicate Co.* v. *N. Y. Central R. Co., supra,* 187. And defendant, enforcing an unlawful charge to be divided between it and the Canadian Pacific, would be liable as a joint tort-feasor for the full amount of the excess. *Louisville & N. R. Co.* v. *Sloss-Sheffield Co.,* 269 U. S. 217, 231, *et seq. News Syndicate Co.* v. *N. Y. Central R. Co., supra. Lewis-Simas-Jones Co.* v. *Southern Pacific Co., supra.*

But the claim before us has no such foundation. Plaintiff seeks to recover the difference between the proportional established by defendant and that found by the commission to be just and reasonable, notwithstanding its fuel was hauled from mines to the competitive field for a just and reasonable charge. That position cannot be maintained, for as to the shipments here involved, the Great Northern proportional cannot be applied save as it is a part of the through rate. There was a single charge which, though based on the combination rate, was precisely the same in amount as if the rate had been jointly made. As shown by our decision in *Louisville & N. R. Co.* v. *Sloss-Sheffield Co., supra,* 234, the division among connecting carriers of charges based on joint rates—those involved in that case were constructed out of existing proportionals—is no concern of the shipper. The proportionals here involved are but parts of a through rate and cannot be distinguished from divisions of a joint rate. *Morrell & Co.* v. *N. Y. Central R. Co.,* 104 I. C. C. 104, 128. The shipper's only interest is that the charge shall be reasonable as a whole. It follows that retention by the defendant of an undue proportion of just and reasonable charges did not damage plaintiff. *Louisville & N. R. Co.* v. *Sloss-Sheffield Co., supra,* 234. *Parsons* v. *Chicago & Northwestern Ry.,* 167 U. S. 447, 460.

*Reversed.*