The STERLING COLORADO BEEF COMPANY, Appellee,

v.

UNITED STATES of America, Interstate Commerce Commission, Burlington Northern Inc., et al., Appellants.

No. 77–1754.

United States Court of Appeals, Tenth Circuit.

Argued March 13, 1979.

Decided May 22, 1979.

---

Richard J. Schreiber, Chicago, Ill. (Robert B. Batchelder, Stuart F. Gassner, Howard D. Koontz, Joseph J. Nagle, and Willard L. Peck, Chicago, Ill., with him, on brief), for appellant, Burlington Northern Inc.

Kenneth P. Kolson, Washington, D. C., for Interstate Commerce Commission.

Hershel Shanks, Washington, D. C. (James Bruce Davis, and Glassie, Pewett, Beebe & Shanks, Washington, D. C., of counsel, with him, on brief), for appellee.

Before SETH, Chief Judge, HOLLOWAY, Circuit Judge, and MARKEY,* Chief Judge, U. S. Court of Customs and Patent Appeals.

SETH, Chief Judge.

In this proceeding the shipper, The Sterling Colorado Beef Company, brought this action before the Interstate Commerce Commission seeking reparations from the railroads which had handled its rail shipments. These shipments were of meat transported under TOFC or piggyback rates to Chicago, and also to the east coast, from Sterling, Colorado.

The basis for the claim rested on a comparison of the rates charged Sterling and those charged for similar service to other shippers at other locations in Colorado, but at a greater distance from Chicago and from the east coast.

The Commission found that the rate charged Sterling to Chicago was unlawful. It noted that beef was sold on a delivered basis with freight charges absorbed by the packer. It considered Sterling's competitive position in the market. The Commission thus ordered reparations on shipments to Chicago, and directed that new rates be established. The petitioner put on evidence of the per mile revenues of the carriers on its shipments to Chicago as compared to those from other Colorado places of origin. It also made comparisons with the distance related rates to the west.

The reparations directed by the Commission related only to the Sterling, Colorado, to Chicago shipments. The Commission, however, denied reparations on shipments from Sterling to points beyond Chicago. These moved under a "combination" rate, that is, a western factor to Chicago and an eastern factor, and reparations as to these rates is the issue on this appeal. Sterling Beef appealed this denial to the district court which reversed the Commission. The carriers have taken this appeal.

The Commission decision was based on the failure of Sterling to come forward with proof directed specifically to the reasonableness of rates on factors east of Chicago. The Commission's position was based on its view of *Great Northern Ry. Co. v. Sullivan,* 294 U.S. 458, 55 S.Ct. 472, 79 L.Ed. 992, and on its decision in *United States v. Beaumont S.L. & W. Ry. Co.,* 301 ICC 231. Since the ICC entered its decision, it has changed its view, and entered a Report and Order stating that it now agrees with the position taken by the district court. The Commission stated in part: ". . . that the record in this proceeding is adequate to sustain a finding that charges assessed and paid by complainant for traffic moving beyond Chicago were unlawful." Thus as far as the administrative aspects are concerned, this represents the "expertise" of the ICC.

---

* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

Thus the issue here is reduced, for all practical purposes, to an application of the *Great Northern* case. In this we agree with the statements and position of the trial court, and with the views of the ICC. The Commission seems to be going down the route of *Auburn Mills Co. v. Chicago & A.R.Co.,* 221 ICC 495.

The trial court viewed, as we do, the *Great Northern* case as a situation where no injury was in fact shown. The trial court said: "As we read the *Great Northern* decision, it is simply a recognition of the general principle of law that damages are not recoverable without injury." We are inclined to agree with this view especially where emphasis is placed on the fact that a single rate was there involved with the combination element to divide the proceeds between the carriers.

The harm to Sterling came about from the fact that it did sustain injury on all its shipments, whatever the destination. Its proof was directed to the Sterling, Colorado-Chicago shipments, but the fact remained that it paid the same charges on all shipments as did its competitors who were a greater distance from the markets. The record clearly shows this consequence. This necessarily created the unreasonableness in varying degree as to all shipments, and again as the trial court observed:

"   .   .   .   The Sterling to Chicago factor is unreasonable in the relationship between the rates thus required to be paid from Sterling and that same charge being made for the other shipping points in the group. What is unreasonable is to ignore the geographical differences. That same relationship applies to any shipment going east of Sterling whether the shipment ends in Chicago or any place east of Chicago. The difference between the plaintiff and the shippers from the other locations is exactly the same .   . "

The appellants criticize the above quotation, and argue instead in their brief:

"Even assuming arguendo, the correctness of the original finding in Docket 35021 regarding the necessity for distance related rates, it clearly does not follow that a similar finding would be justified on shipments to more distant points (i. e.—while it conceivably might be relatively unreasonable to group two points to a relatively close common destination, the justification for such a finding becomes less and less persuasive the further distant is the common destination."

The trial court clearly meant that a *difference* exists no matter where the shipment may go. The argument of the railroads demonstrates that a difference persists, and a percentage analysis serves to show only that it may be greater on some hauls than others. Changes in degree do not cast doubt on the trial court's analysis.

The entire *claim* in *Great Northern* was directed only to the American element of the combination rate there concerned. As the Court there said:

"   .   .   .   They prayed merely reasonable maximum American proportionals and reparation to the extent of the excess over such maxima. The commission found the American proportionals to be unjust and unreasonable so far as they exceed specified maxima which it made applicable in lieu of those assailed. It made no finding concerning the reasonableness of the Canadian proportionals or of the combination through rates. There being no claim or finding to the contrary, the charges collected on these shipments must be deemed to have been just and reasonable.   .   .   .

\*     \*     \*     \*     \*     \*

"   .   .   .   But here the charges collected were not excessive, and confessedly the same amounts lawfully might have been collected without injury or damage to plaintiff if only the connecting carrier had imposed the charges by means of 'joint' instead of the 'combination' through rates that they did establish."

We do not perceive a substantial burden of proof problem in the case before us, and do not construe *Great Northern* to be a case of who has the burden of proof. In any event we hold that the petitioner met what-

ever burden it had as to all issues by the proof directed to the rates to Chicago, and by the proof which related to the grouping in Colorado. This proof necessarily related to the entire problem as the case was first brought. The claims were certainly broad enough and the proof was directed to all claims. It was directed to the grouping of origins in Colorado, and especially to petitioner's competitive position. The ICC has acknowledged that the record is sufficient to support all claims of the petitioner. We agree.

Thus we must conclude as did the trial court that the record supports petitioner's claim as to shipments made from Sterling, Colorado, to points beyond Chicago.

The judgment of the trial court is AFFIRMED.