[Cite as *State v. Anderson*, 2018-Ohio-5067.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0116** |
| ROBERT LEE ANDERSON, II, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CR 00279.

Judgment: Affirmed in part and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, *Gabriel M. Wildman*, and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Robert Lee Anderson, II, appeals the Entry of Sentence issued by the Trumbull County Court of Common Pleas ordering him to serve an aggregate prison sentence of thirty-six months for Domestic Violence and violating post release control. The issues before this court are whether the trial court's imposition of a prison sentence for Domestic Violence rather than community control sanctions is supported by the record where the offender has a history of Domestic Violence

convictions in addition to prior felonies and prison sentences and whether a trial court errs by not calculating the amount of jail time credit to which an offender is entitled. For the following reasons, we affirm Anderson's sentence but remand this matter for the sole purpose of determining the amount of jail time credit to which Anderson is entitled.

{¶2} On May 31, 2017, the Trumbull County Grand Jury indicted Anderson for Felonious Assault, a felony of the second degree in violation of R.C. 2903.11(A)(2) and (D)(1)(a), and Domestic Violence, a felony of the third degree in violation of R.C. 2919.25(A), (D)(1) and (4).

{¶3} On October 17, 2017, Anderson's case was tried before a jury. The jury deadlocked as to the charge of Felonious Assault and returned a verdict of guilty to the charge of Domestic Violence.

{¶4} On November 20, 2017, Anderson's sentencing hearing was held. The State moved to enter a nolle prosequi dismissing the Felonious Assault charge. The trial court ordered Anderson to serve a twenty-four-month prison sentence for Domestic Violence and imposed a consecutive twelve-month prison sentence for violating post release control in Mahoning County C.P. No. 08 CR 625 for an aggregate sentence of thirty-six months. The court's sentence was memorialized in a December 1, 2017 Entry on Sentence.

{¶5} On December 6, 2017, Anderson filed a Motion for Days of Credit/Time Served, in which he asserts that he "has been in the department of MCJC since April 14th until now."

{¶6} On December 28, 2017, a Notice of Appeal was filed.

{¶7} On appeal, Anderson raises the following assignments of error:

2

{¶8} "[1.] The trial court erred by sentencing appellant to an aggregate term of 36 months incarceration as the record does not support such a sentence."

{¶9} "[2.] The trial court erred, as a matter of law, by failing to give appellant credit for jail time served during the pendency of this matter."

{¶10} In his first assignment of error, Anderson challenges the imposition of an aggregate thirty-six-month prison sentence.

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶12} Where the sentence imposed does "not require the findings that R.C. 2953.08(G) specifically addresses * * *, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

3

{¶13} Anderson asks this court to reverse his sentence and "place [him] on a community control sanction where he can get the treatment that he needs." Anderson notes that he, his counsel, and "**the alleged victim in the case**" were in agreement "that [he] needed treatment and rehabilitation, rather than a prison sentence." Appellant's brief at 2-3.

{¶14} The record before the sentencing court clearly and convincingly supports the imposition of a prison sentence. The charges against Anderson were based on his beating his girlfriend, not drug abuse. According to the trial testimony of Anderson and his girlfriend/victim (albeit perjured testimony according to the State), he had no issues with drug abuse at the time of the beating. The court noted that Anderson was on probation as well as post release control at the time of the beating and that his record includes five prior Domestic Violence convictions in addition to felony convictions and prison sentences. Given the attenuated relationship between drug abuse and the facts of the present case and the failure of prior attempts at rehabilitation, the court's finding that Anderson was not amenable to community control sanctions was sound.[1]

{¶15} The first assignment of error is without merit.

{¶16} Under the second assignment of error, Anderson claims the trial court failed to grant him jail time credit despite his being incarcerated pending trial.

{¶17} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender

_____

1. We note that the twenty-four-month sentence for Domestic Violence was significantly less than the potential maximum sentence of thirty-six months for a third-degree felony, although the twelve-month sentence for violating post release control was the maximum for such violation. *See* R.C. 2929.14(A)(3)(b) and 2929.141(A)(1). The Ohio Supreme Court has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.

4

of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code." R.C. 2929.19(B)(2)(f)(i); *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 9 ("determining whether an offender receives jail-time credit affects a substantial right * * * because receiving properly determined jail-time credit implicates an offender's liberty interest in being free from unauthorized incarceration").

{¶18} In the present case, the sentencing court did not determine or notify Anderson of the number of days for which he was confined while his case was pending at the sentencing hearing. The Entry on Sentence provides: "It is * * * ORDERED that the Superintendent of the Lorain Correctional Institution shall take note that the Defendant herein has been incarcerated in the Trumbull County Jail from March 16, 2017 to March 20, 2017; October 20, 2017 to October 26, 2017; and November 20, 2017 to date." "[S]ince the provisions of R.C. 2967.191 [credit for confinement awaiting trial and commitment] are mandatory, the trial court's failure to properly calculate jail-time credit and include it in the body of the sentencing order is plain error." *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 14.

{¶19} The State concedes that, "[w]ithout introducing additional evidence de hors the record, * * * the record before this Court, in its present form, is insufficient to appropriately determine the amount of jail time credit Appellant is entitled." Appellee's brief at 12.

{¶20} Accordingly, the second assignment of error is with merit.

5

{¶21} For the foregoing reasons, Anderson's sentence is affirmed but this matter is remanded for the sole purpose of determining the proper amount of jail time credit to which Anderson is entitled. Costs to be taxed against the parties equally.


COLLEEN MARY O'TOOLE, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in part and dissents in part with a Concurring/Dissenting Opinion.

_____


THOMAS R. WRIGHT, P.J., concurs in part and dissents in part with a Concurring/Dissenting Opinion.

{¶22} I agree with the majority's conclusion that Anderson's jail time credit argument is meritorious. However, I dissent in light of the majority's decision to *affirm* and remand rather than reverse and remand a judgment it acknowledges to be unsupported.

{¶23} R.C. 2929.19(B)(2)(f)(i) states:

{¶24} "Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

{¶25} "* * *

{¶26} "(f)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which

6

the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced."

{¶27} The statute imposes a three-step process: (1) a court must determine the amount of jail-time credit due, (2) notify the defendant of its determination, thereby providing an opportunity to challenge the amount, and (3) thereafter include the determination in its sentencing entry. Whether intended or not, this process results in an adequate record for review. Merely determining the amount of jail-time credit and including it in the sentencing entry is statutorily deficient.

{¶28} Here, the trial court stated at sentencing that Anderson will be given credit for all time served awaiting disposition; it did not, however, determine the number of days or notify Anderson.

{¶29} I would reverse and remand for the trial court to "determine, notify the offender of, and include in the sentencing entry" his jail time credit. Limiting the scope of remand "for the sole purpose of determining the proper amount of jail time credit" does not rectify the failure to notify, does not afford appellant an opportunity to challenge, does not create a record for review, and will leave us with yet another unsupported order.

{¶30} However, at some point the trial court determined and included in the sentencing entry Anderson's jail time credit as follows:

7

{¶31} "It is further ORDERED that the Superintendent of the Lorain Correctional Institution shall take note that the Defendant herein has been incarcerated in the Trumbull County Jail from March 16, 2017 to March 20, 2017; October 20, 2017 to October 26, 2017; and November 20, 2017 to date."

{¶32} This type of language, although lacking express directive, has been used by the Trumbull County Court of Common Pleas for years to communicate jail time credit and is understood as such by the department of rehabilitation and corrections.

{¶33} There is, therefore, no need to remand "for the *sole* purpose of determining the proper amount of jail time credit." (Emphasis added.)

{¶34} I concur on the first assignment and dissent on the second.