[Cite as *State v. Perkins*, 2018-Ohio-5335.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0012** |
| GREG ALAN PERKINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CR 00646.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Andrew R. Zellers,* Richard G. Zellers & Associates, Inc., 3810 Starrs Centre Drive, Canfield, OH 44406 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Greg Alan Perkins, appeals from the judgment of conviction, entered by the Trumbull County Court of Common Pleas after his plea of guilty to one count of trespass in a habitation when a person is present or likely to be present. At issue is whether the trial court adequately advised appellant of his constitutional rights prior to accepting his guilty plea and whether the trial court erred in failing to advise him of his right to appellate counsel after entering sentence. We affirm.

{¶2} Appellant was indicted on one count of burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(3) and (D). Appellant entered a plea of not guilty. Ultimately, appellant changed his plea and entered a plea of guilty to an amended indictment, charging him with trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree, in violation of R.C. 2911.12(B) and (E). The plea included a jointly recommended sentence of 18 months imprisonment that would run consecutively to a sentence imposed for a probation violation in a separate case. Appellant waived a presentence investigation report and proceeded directly to sentencing. The trial court accepted the jointly recommended sentence and imposed the same. Appellant filed a motion for delayed appeal, which this court granted. He now assigns the following error for our consideration:

{¶3} "The trial court committed an error when it failed to advise the defendant-appellant of his right to a jury trial and his right to counsel on appeal, thus violating his 6th, 5th, and 14th Amendment rights under the U.S. Constitution and his rights under Article 1, Section 10 of the Ohio Constitution."

{¶4} Appellant argues that his plea is invalid due to the trial court's failure to inform him that his guilty plea (1) waives his right to a jury trial and (2) that he is entitled to counsel on appeal.

{¶5} Pursuant to Crim.R. 11(C)(2), when a defendant is pleading guilty to felony offenses, the trial court must address the defendant personally and inform the defendant of various constitutional and non-constitutional rights prior to accepting his plea. The constitutional rights are set forth under Crim.R. 11(C)(2)(c): the trial court is to inform the defendant that by pleading guilty or no contest, he or she "is waiving

2

the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶6} Compliance with Crim.R. 11 "ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶11, citing *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31, quoting *Griggs*, *supra*, at ¶12.

{¶7} The Ohio Supreme Court has emphasized that a trial court must strictly comply with Crim.R. 11(C) as it relates to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶18, citing *State v. Ballard*, 66 Ohio St.2d 473, 479 (1981). Failure to *literally* comply with the language of Crim.R. 11(C)(2)(c) does not, however, invalidate a plea agreement as long as the record reveals that the trial court explained or referred to the constitutional rights "'"*in a manner reasonably intelligible to that defendant.*"'" (Emphasis sic.) *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶14, quoting *Veney*, *supra*, at ¶27, quoting *Ballard*, *supra*, at 480. The Court in *Veney* made it clear, however, that a court may not omit the substantive advisement, relying only upon outside evidence to meet its Crim.R. 11(C)(2)(c) duties: The Court emphasized:

{¶8} [P]ursuant to the strict-compliance standard set forth in *Ballard,* the trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid. Although the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant. "We cannot presume a waiver of these * * * important federal rights from a silent record." *Boykin[ v. Alabama,* 395 U.S. 238,] 243 [(1969)]. When the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid. See *Ballard,* [*supra,*] at 481; *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12. *Veney*, *supra*, at ¶29.

{¶9} With the foregoing standards in mind, we shall address appellant's initial argument. Here, the trial court made the following advisements germane to the issue before us:

{¶10} "The State of Ohio would have to prove the following elements by proof beyond a reasonable doubt to the unanimous satisfaction of *a jury*; that is, that you did by force, stealth or deception, did recklessly trespass in 196 Champion Township, a permanent or temporary habitation of any person when any person other than the accomplice of the offender is present or likely to be present or likely to be present in Trumbull County, Ohio. Do you understand what the State of Ohio would have to prove regarding this count?" (Emphasis added.)

{¶11} Appellant responded in the affirmative.

{¶12} The court continued: "Nobody has to plead to any charge. You have the right to go forward *with a trial* and have the State of Ohio prove its case by proof beyond a reasonable doubt. Do you understand that?" (Emphasis added.) Again, appellant indicated he understood.

{¶13} And, after appellant addressed the court, requesting leniency in sentencing, the court acknowledged his comment and, in light of the joint sentencing recommendation, the trial court stated: "* * * it's not going to get any better * * * [un]less you *go to trial* and get acquitted." (Emphasis added.) Appellant responded "Yes, sir."

4

**{¶14}** In addition to the foregoing, appellant's written guilty plea expressly stated appellant was advised, by the court and defense counsel, of his "right to a jury trial or trial to the Court."

**{¶15}** Other appellate districts, including this court, have addressed situations similar to the facts in the case sub judice. In *State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, the trial judge did not specifically use the word "jury" each time it referenced the defendant's right to a trial. This court noted, however, that the defendant was advised, as appellant was in this case, that "[t]he State of Ohio would have to prove the following elements by proof beyond a reasonable doubt to the unanimous satisfaction of a jury[.]" The *Young* court then pointed out that the defendant signed a written plea agreement which stated that the court advised him, inter alia, of his constitutional right to a jury trial. The court in *Young* emphasized that, in light of *Veney*, a written waiver, by itself, would be insufficient to meet the dictates of Crim.R. 11(C)(2)(c). *Young, supra*, at ¶43. Still, the court determined, the written waiver could be considered when analyzing the knowing, intelligent, and voluntary character of the plea. *Id.* at ¶45. In light of the foregoing, the *Young* court concluded the defendant was sufficiently advised of his right to a jury trial and his plea was entered knowingly, intelligently and voluntarily.

**{¶16}** Moreover, in *State v. Smiddy*, 2d Dist. Clark No. 2014-CA-148, 2015-Ohio-4200, the Second Appellate District addressed the same issue. In *Smiddy*, the trial court asked the defendant if he understood that he had "the right to a trial," without reference to the right to a trial *by jury.* It later stated that the state would have the burden to prove beyond a reasonable doubt each element of the offenses and that he

5

could be convicted only upon a unanimous verdict of *a jury. Id.* at ¶6. The appellate court determined that the trial court adequately explained the right to a trial by jury given the later reference to the role of the jury and the specific reference to the right to a jury trial in the written plea agreement. *Id.* at ¶6, 15. The *Smiddy* court accordingly found no Crim.R. 11(C)(2)(c) violation.

{¶17} And, in *State v. Hayward*, 6th Dist. Wood No. WD-17-010, 2017-Ohio-8611, a trial court did not specifically advise the defendant of his right to a "jury trial." Instead, it directed his attention to page six of the written waiver of rights the defendant had executed, where the right to a jury trial was explicitly referenced. And, perhaps more importantly, the trial court explained, during the plea colloquy, that if the defendant chose not to testify, it would "instruct the jury" that it could not weigh this as a factor in determining his guilt or innocence. In light of *Young*, *supra,* and *Smiddy*, *supra*, the Sixth District determined that "the trial court explained the right to a jury trial in a manner reasonably intelligible to [the defendant], and therefore, complied with Crim.R 11(C)(2)(c) in accepting [the defendant's] guilty plea. *Hayward*, *supra*, at ¶12.

{¶18} In the instant matter, even though the trial court did not expressly state appellant had a right to a *jury* trial, which he was waiving by entering the guilty plea, it did emphasize that, if the matter were tried, the state would have to prove each element to the unanimous satisfaction of the jury. And, as in *Young, supra*, appellant signed a written plea form stating he was advised by the court and counsel that he was waiving, among other things, his right to a jury trial. In light of all the circumstances, we conclude appellant was meaningfully informed of his right to a jury trial and the trial court's failure to provide a rote recitation of Crim.R. 11(C)(2)(c) did not invalidate appellant's guilty

6

plea. We therefore hold appellant knowingly, voluntarily, and intelligently entered a plea of guilty.

{¶19} Appellant next argues the trial court committed reversible error by failing to advise him of his right to assistance of counsel on appeal at sentencing. Appellant pleaded guilty to an amended indictment and a jointly recommended sentence was imposed. Courts have held that "'[w]here a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant of his appeal rights.'" *State v. Lowe*, 2d Dist. Clark No. 2016-CA-18, 2017-Ohio-27, ¶9 quoting *State v. Houston,* 6th Dist. Erie No. E-03-059, 2004-Ohio-6462, ¶8. And, even if we declined to follow the foregoing authority, appellant filed a motion for delayed appeal, which was granted. In the judgment granting appellant leave to file the delayed appeal, this court also appointed counsel. Accordingly, appellant suffered no prejudice from the trial court's omission.

{¶20} Appellant's sole assignment of error lacks merit.

{¶21} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶22} I find merit in the assignment of error. As the majority observes, the

7

Supreme Court of Ohio demands strict compliance with regards to the Crim.R. 11(C) colloquy when constitutional rights – such as that to trial by jury – are being waived. I respectfully disagree with the reasoning that if an appellate court can imply the Crim.R. 11(C) colloquy was proper, from other portions of the record, that strict compliance has been had.

{¶23} I respectfully dissent.