[Cite as *State v. Myers*, 2021-Ohio-475.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0006** |
| JOSEPH LEE MYERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CR 00346.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, Ohio 44240 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Joseph Lee Myers ("Mr. Myers"), appeals from the sentencing entry of the Trumbull County Court of Common Pleas following his guilty pleas to 12 felonies and two first-degree misdemeanors.

{¶2} Mr. Myers presents two assignments of error, contending that the trial court erred by failing to (1) specifically advise him during the plea colloquy that he was waiving

his right to trial by jury, and (2) award him a specified amount of jail-time credit at the sentencing hearing.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) Mr. Myers' guilty pleas were knowingly, voluntarily, and intelligently entered. Although the trial court informed Mr. Myers that he had the right to "a trial" rather than "a jury trial," the trial court expressly informed Mr. Myers multiple times that the state would have to prove the elements of the offenses to which he pleaded guilty "by proof beyond a reasonable doubt to the unanimous satisfaction of a jury."

{¶5} (2) Mr. Myers has not established the existence of plain error with respect to jail-time credit. Although the trial court failed to strictly comply with R.C. 2929.19(B)(2)(g)(i) by determining the amount of jail-time credit after the sentencing hearing, Mr. Myers has not challenged the amount of jail-time credit set forth in the sentencing entry.

{¶6} Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

**Substantive and Procedural History**

{¶7} In December 2019, the Trumbull County Grand Jury returned a superseding indictment[1] charging Mr. Myers on the following 15 counts: murder, an unclassified felony, in violation of R.C. 2903.02(B)&(D) (count 1); involuntary manslaughter, a first-degree felony, in violation of R.C. 2903.04(A)&(C) (count 2); aggravated vehicular homicide, a second-degree felony, in violation of R.C. 2903.06(A)(1)(a)&(B)(1)&(2)(a)(i)

---

1. The grand jury had previously returned a four-count indictment on May 15 and a superseding 12-count indictment on May 29. Mr. Myers was arraigned on both indictments and entered not guilty pleas to the respective charges.

2

(count 3); four counts of felonious assault, second-degree felonies, in violation of R.C. 2903.11(A)(2)&(D)(1)(a)&(4) (counts 4, 6, 8, and 10); three counts of aggravated vehicular assault, third-degree felonies, in violation of R.C. 2903.08(A)(2)(b)&(C)(1)&(2) (counts 5, 7, and 9); failure to comply with order or signal of police officer, a third-degree felony, in violation of R.C. 2921.331(B)&(C)(1)&(5)(a)(ii) (count 11); assault, a fourth-degree felony, in violation of R.C. 2903.13(A)&(C)(5) (count 12); operating a vehicle while under the influence of alcohol or drugs, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a)&(G)(1)(a) (count 13); operating a motor vehicle while under the influence of a listed controlled substance, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(j)(iii)&(G)(1)(a)(i) (count 14); and possession of cocaine, a fifth-degree felony, in violation of R.C. 2925.11(A)&(C)(4)(a) (count 15).

{¶8}   Mr. Myers initially pleaded not guilty to the charges.

{¶9}   On the same day, Mr. Myers withdrew his former pleas of not guilty and entered written pleas of guilty to counts 2 through 15.  The parties jointly agreed on the merger of counts 2, 3, and 5, with the state proceeding on count 2; counts 5 and 6, with the state proceeding on count 6; counts 7 and 8, with the state proceeding on count 8; counts 9 and 10, with the state proceeding on count 10; and counts 13 and 14, with the state proceeding on count 15.

{¶10}   The parties jointly recommended sentences of consecutive prison terms of five to seven and a half years each on counts 2, 6, 8, and 10; a prison term of three years on count 11 to run consecutive to all other counts by operation of law; a consecutive prison term of 18 months on count 12; a consecutive prison term of six months on count 15; and a concurrent jail term of 180 days on count 13, for an aggregate prison term of

3

25 to 27 1/2 years. The parties also jointly recommended, on count 13, a drivers' license suspension of three years and a mandatory fine of $1,075 and registration as a violent offender. The state agreed to dismiss count 1 (murder) at sentencing.

{¶11} At the plea hearing, the trial court engaged in a lengthy colloquy with Mr. Myers pursuant to Crim.R. 11. Relevant here, the trial court notified Mr. Myers as follows:

{¶12} "THE COURT: You have the right to go forward with a trial and have the State of Ohio prove its case by proof beyond a reasonable doubt. Do you understand that?

{¶13} "[MR. MYERS]: Yes, sir."

{¶14} In explaining the elements for each offense to which he was pleading guilty, the trial court informed Mr. Myers that the state "would have to prove the following elements by proof beyond a reasonable doubt to the unanimous satisfaction of a jury." Each time, Mr. Myers indicated that he understood.

{¶15} Following the colloquy, Mr. Myers entered oral pleas of guilty to counts 2 through 15. As the factual basis, the state indicated as follows:

{¶16} "[O]n or about the date referenced in the indictment [April 11, 2019] in Trumbull County and State of Ohio, [Mr. Myers] was operating a motor vehicle within the City of Warren while under suspension and under the influence of cocaine. Specifically, [Mr. Myers] had an amount in his whole blood 50 nanograms per milliliter or higher of cocaine metabolite.

{¶17} "[D]uring that time, an officer with the Warren City Police Department attempted to stop [Mr. Myers] for a moving violation. The officer gave a visual and an audible signal for [Mr. Myers] to stop. Upon seeing that, [Mr. Myers] sped up his motor

4

vehicle and traveled in the city streets with a posted speed limit of 25 miles per hour at speeds as high at 100 miles per hour.

{¶18} "[T]hese actions took place on the main street of Warren City, Ohio, in the evening hours with traffic present. * * * Further, [Mr. Myers] drove in a manner in a state of mind which showed a total indifference for the lives and well-being of others. [Mr. Myers'] actions clearly showed that it was foreseeable that he would likely kill or seriously injure others due to his outrageous conduct.

{¶19} "[Mr. Myers'] conduct coupled with him actively committing a felony offense of Failure to Comply With a Police Officer caused him to strike a vehicle which ultimately led to a four car pile up. These actions caused the death of Anthony Blackwell and serious physical harm to Jamie Lee Franks, Jeannine Brumbaugh, and Edley Anderson Bates.

{¶20} "[F]ollowing that crash, [Mr. Myers] fled the scene on foot. Officers with the Warren City Police Department attempted to apprehend him a short time later. At that time, [Mr. Myers] attempted to strike with purpose to harm Officer Jones with the Warren City Police Department."

{¶21} The state further indicated that "[t]o prove all of these facts and all of these offenses, the State would have brought forth the testimony of the arresting officers and eyewitnesses in this case."

{¶22} The trial court accepted Mr. Myers' guilty pleas and found him guilty. Mr. Myers waived a presentence investigation, and the trial court scheduled the matter for sentencing.

{¶23} At the sentencing hearing, the trial court imposed sentences in accordance with the parties' joint recommendations. With respect to jail-time credit, the trial court stated that it would "give the appropriate credit for time served."

{¶24} The trial court subsequently issued a judgment entry memorializing Mr. Myers' guilty pleas and sentences and granting Mr. Myers 270 days of jail-time credit from April 12, 2019, to January 6, 2020.

{¶25} Upon the state's motion, the trial court issued a journal entry dismissing count 1.

{¶26} Mr. Myers appealed and presents the following two assignments of error for our review:

{¶27} "[1.] The trial court erred, as a matter of law, by failing to specifically advise of appellant that he was waiving his right to a trial by jury.

{¶28} "[2.] The trial court erred as a matter of law by failing to award appellant a specified amount of jail time credit."

**Guilty Pleas**

{¶29} In his first assignment of error, Mr. Myers contends that the trial court erred during the plea colloquy by failing to specifically inform him that he was waiving his right to a trial by jury.

***Standard of Review***

{¶30} This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Shepard*, 11th Dist. Ashtabula No. 2019-A-0024, 2019-Ohio-3995, ¶ 39.

6

{¶31} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶32} Crim.R. 11 was adopted to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9. Relevant here is Crim.R. 11(C)(2)(c), which provides as follows:

{¶33} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to *jury trial*, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." (Emphasis added.)

{¶34} For the constitutional rights outlined in Crim.R. 11(C)(2)(c), the Supreme Court of Ohio has held that "strict, or literal, compliance [is] required." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 18.

{¶35} The preferred method of informing a criminal defendant of his or her constitutional rights during the plea colloquy is to use the language contained in Crim.R. 11(C). *Barker* at ¶ 14. However, "[f]ailure to use the exact language contained in Crim.R.

11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus. "[A] trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27.

{¶36} In other words, "'[m]atters of reality, and not mere ritual, should be controlling.'" *Ballard* at 480, quoting *McCarthy v. United State*s, 294 U.S. 458, 468 (1969), fn. 20. A Crim.R. 11(C) colloquy "may be looked to in the totality of the matter." *Id*. at 481.

### Analysis

{¶37} Mr. Myers argues that his guilty pleas are constitutionally infirm and must be vacated because the trial court did not specifically advise him that he was waiving his right to a jury trial. In support of his argument, Mr. Myers cites this court's decision in *State v. Thompson*, 11th Dist. Portage Nos. 2018-P-0076 & 2018-P-0077, 2019-Ohio-5407.

{¶38} In *Thompson*, this court reaffirmed our prior holding in *State v. Ralston*, 2018-Ohio-4946, 126 N.E.3d 234 (11th Dist.), that a guilty plea is invalid if the trial court neither (1) advised the defendant that he or she had the right to a "jury trial" nor (2) expressly alluded that a "jury" would be the arbiter of his or her guilt should the defendant wish to exercise such a right. *Thompson* at ¶ 10.

8

{¶39} Although the trial court informed Mr. Myers that he had the right to "a trial" rather than "a jury trial," the trial court expressly explained that a jury would be the arbiter of his guilt if he exercised his right to a trial. Specifically, in explaining the elements for each offense to which he was pleading guilty, the trial court informed Mr. Myers that the state "would have to prove the following elements by proof beyond a reasonable doubt to the unanimous satisfaction of a jury." This court has found strict compliance with Crim.R. 11(C)(2)(c) in identical circumstances. *See, e.g., State v. Perkins*, 11th Dist. Trumbull No. 2018-T-0012, 2018-Ohio-5335, ¶ 15-18; *State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, ¶ 39-42.

{¶40} As we explained in *Ralston*, "[i]n order to satisfy constitutional due process, there must be some actual indication the trial court orally mentioned a jury would be involved were the matter tried. This does not necessarily mean the reference to a jury must overtly advise a defendant she has a right to a jury trial which she would be waiving by pleading guilty; nevertheless, the reference or statement must meaningfully inform a defendant of the right in a reasonably intelligible fashion." *Id.* at ¶ 9. "[W]hen a court advises a defendant that the state will have to prove all elements of the charge(s) to the unanimous satisfaction of a jury, it necessarily follows that the defendant would be entitled to a jury trial if he or she elected to so proceed." *Id.*

{¶41} Accordingly, we conclude that the trial court's failure to provide a rote recitation of Crim.R. 11(C)(2)(c) did not invalidate Mr. Myers' guilty pleas. The totality of the record demonstrates that the trial court explained Mr. Myers' right to a jury trial in a manner reasonably intelligible to him. Thus, Mr. Myers' guilty pleas were knowingly, voluntarily, and intelligently entered.

{¶42} Mr. Myers' first assignment of error is without merit.

## Jail-time Credit

{¶43} In his second assignment of error, Mr. Myers contends that the trial court erred by failing to calculate the number of days of jail-time credit to which he was entitled and advise him of such. Presumably, Mr. Myers is contending that the trial court erred by failing to do so at the sentencing hearing, as the judgment entry expressly grants Mr. Myers 270 days of jail-time credit from April 12, 2019, to January 6, 2020.

### *Standard of Review*

{¶44} Mr. Myers did not object to the trial court's failure to calculate jail-time credit at the sentencing hearing. Thus, we review under a plain error analysis. *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 10.

{¶45} Reviewing courts may notice only plain errors or defects affecting substantial rights. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 15; Crim.R. 52(B). Inherent in the rule are three limits placed on reviewing courts for correcting plain error. *Payne* at ¶ 15.

{¶46} First, there must be an error, i.e., a deviation from the legal rule. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. *Id.* Third, the error must have affected "substantial rights." *Id.* The Supreme Court of Ohio has interpreted this aspect of the rule to mean that but for the error, the outcome of the proceedings would have been different. *Id.*

{¶47} Courts are to notice plain error only to prevent a manifest miscarriage of justice. *Payne* at ¶ 16. The burden of demonstrating plain error is on the party asserting it. *Id.* at ¶ 17.

### R.C. 2929.19(B)(2)(g)(i)

{¶48} R.C. 2929.19 specifies the duties that a trial court must perform when sentencing a defendant for a felony, including a duty to calculate jail-time credit. Relevant here is R.C. 2929.19(B)(2)(g), which provides, in pertinent part, as follows:

{¶49} "Subject to division (B)(3) of this section, if the sentencing court determines *at the sentencing hearing* that a prison term is necessary or required, the court shall do all of the following:

{¶50} "* * *

{¶51} "(g)(i) *Determine, notify the offender of, and include in the sentencing entry* the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term or, if the offense is an offense for which a non-life felony indefinite prison term is imposed under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code, the minimum and maximum prison terms imposed on the offender as part of that non-life felony indefinite prison term, under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

11

"(ii) In making a determination under division (B)(2)(g)(i) of this section, the court shall consider the arguments of the parties and conduct a hearing if one is requested.

"(iii) The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion." (Emphasis added and footnotes deleted.) R.C. 2929.19(B)(2)(g)(i)-(iii).

{¶52} Thus, R.C. 2929.19(B)(2)(g) requires the trial court to follow a three-step process: First, at the sentencing hearing, the trial court must consider the arguments of the parties and determine the amount of jail-time credit due. If requested, it must conduct a hearing. Second, the trial court must notify the defendant of its determination at the sentencing hearing. Third, the trial court must include its determination in its sentencing entry. Thereafter, the defendant may file a motion to correct any error in the trial court's determination that he or she did not previously raise at the sentencing hearing.

{¶53} This statutory process gives the defendant an opportunity to raise objections to the trial court's determination and allows the trial court to correct any errors prior to a subsequent appeal or motion for correction. It also results in an adequate record for appellate review.

### Analysis

{¶54} Based on our review of the record, the trial court appears to have determined the amount of jail-time credit after the sentencing hearing and subsequently

12

notified Mr. Myers of its determination by including it in the sentencing entry. Therefore, the trial court failed to strictly comply with the first and second steps of the statutory process.

{¶55} Despite the trial court's procedural errors, Mr. Myers has not demonstrated plain error by establishing that the trial court's errors affected his substantial rights.

{¶56} The Supreme Court of Ohio has held that "determining whether an offender receives jail-time credit affects a substantial right * * * because receiving properly determined jail-time credit implicates an offender's liberty interest in being free from unauthorized incarceration." *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 9.

{¶57} For example, in *State v. Anderson*, 11th Dist. Trumbull No. 2017-T-0116, 2018-Ohio-5067, the trial court did not determine jail-time credit or notify the defendant regarding the same at the sentencing hearing. *Id.* at ¶ 18. In addition, the subsequent sentencing entry directed the prison superintendent to "take note" that the defendant had been incarcerated during three specified periods of time. *Id.*

{¶58} We held that "'the trial court's failure to properly calculate jail-time credit *and* include it in the body of the sentencing order is plain error.'" (Emphasis added.) *Id.*, quoting *Williams*, *supra*, at ¶ 14. We remanded the matter to the trial court to determine the proper amount of jail-time credit to which the defendant was entitled. *Id.* at ¶ 21.

{¶59} Here, as in *Anderson*, the trial court did not determine jail-time credit or notify Mr. Myers regarding the same at the sentencing hearing. However, unlike in *Anderson*, the trial court stated at the sentencing hearing that it would "give the

13

appropriate credit for time served." The trial court subsequently calculated Mr. Myers' jail-time credit and included it in the body of the sentencing entry.

{¶60} On appeal, Mr. Myers has only challenged the trial court's procedures; he has not asserted that the trial court's calculation is incorrect. Thus, Mr. Myers has not established how his jail-time credit would have been different but for the trial court's procedural errors.

{¶61} This conclusion is in accord with those of our sister districts that have considered the same issue. *See State v. Baker*, 8th Dist. Cuyahoga No. 102232, 2015-Ohio-3232, ¶ 8-16; *State v. Gordon*, 2017-Ohio-7147, 95 N.E.3d 994, ¶ 35-43 (9th Dist.); *State v. Carpenter*, 4th Dist. Meigs No. 16CA11, 2017-Ohio-9038, ¶ 28-32.

{¶62} Mr. Myers argues that because of the trial court's failure to calculate jail-time credit at sentencing, he had "no meaningful opportunity" to challenge the calculation or inquire as to its correctness. We disagree.

{¶63} The Supreme Court of Ohio has indicated that a trial court's failure to calculate jail-time credit is "remedial in the ordinary course of law by appeal." *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, ¶ 2. Thus, Mr. Myers had a meaningful opportunity to challenge the accuracy of his jail-time credit in this direct appeal, which he has failed to do. *See Gordon* at ¶ 41 (rejecting the same argument).

{¶64} Further, as the Supreme Court of Ohio has noted, prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal. *Thompson, supra*, at ¶ 11. Motions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata. *Id.*

14

{¶65} As indicated, pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit "'at any time after sentencing'" and the sentencing court has authority to correct any error in determining jail-time credit that was "'not previously raised at sentencing.'" *Thompson* at ¶ 12, quoting R.C. 2929.19(B)(2)(g)(iii). In addition, a trial court's denial of a motion for jail-time credit under this section is a final appealable order. *Id.* at ¶ 13.

{¶66} The trial court's docket does not indicate that Mr. Myers has filed any such motion. Therefore, in the event he believes the trial court's jail-time credit calculation is incorrect, he may still have meaningful opportunities to challenge it.

{¶67} In sum, we conclude that Mr. Myers has not established the existence of plain error.

{¶68} Mr. Myers' second assignment of error is without merit.

{¶69} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

15