[Cite as *State v. Boyle*, 2022-Ohio-3417.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 22CA19 |
| | : | |
| JOHN F. BOYLE, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Richland County Court
                                    of Common Pleas, Case No. 90CR56

JUDGMENT:                           AFFIRMED

DATE OF JUDGMENT ENTRY:             September 27, 2022

APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

GARY BISHOP                                  JOHN F. BOYLE, JR., PRO SE
RICHLAND CO. PROSECUTOR                      No. 222-633
38 South Park St., Second Floor              Marion Correctional Institution
Mansfield, OH 44902                          P.O. Box 57
                                             Marion, OH 43301-0057

*Delaney, J.*

{¶1} Appellant John F. Boyle, Jr. appeals from the January 31, 2022 Order Overruling Motion for Jail Time Credit of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} In 1990, appellant was convicted of aggravated murder and abuse of a corpse. *State v. Boyle*, 5th Dist. Richland No. 2019 CA 0114, 2020-Ohio-1224, ¶ 2, *appeal not allowed,* 159 Ohio St.3d 1418, 2020-Ohio-3365, 147 N.E.3d 659. By journal entry filed July 2, 1990, the trial court sentenced appellant to an indeterminate term of twenty years to life on the murder count and one and one-half years on the abuse of a corpse count, to be served consecutively, with no parole eligibility until after appellant served twenty years. *Id.*

{¶3} On July 3, 1990, the trial court issued a judgment entry nunc pro tunc and sentenced appellant to a term of life imprisonment with no parole eligibility until twenty full years have been served on the murder count and one and one half years on the abuse of a corpse count, to be served consecutively. *Id., ¶ 3.*

{¶4} On January 24, 2022, appellant filed a motion for jail-time credit and the trial court overruled the motion by judgment entry dated January 31, 2022.

{¶5} Appellant now appeals from the trial court's judgment entry of January 31, 2022.

{¶6} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶7} "I. ONCE A DEFENDANT PLACES THE COURT AND STATE ON NOTICE OF A DEFENDANT'S CLAIM FOR JAIL TIME CREDIT THE STATE HAS THE BURDEN TO ESTABLISH A DEFENDANT IS NOT ENTITLED TO THE CREDIT."

{¶8} "II. IT IS CLEAR ERROR FOR A TRIAL COURT TO FAIL TO SPECIFY ["IN THE RECORD OF CONVICTION AND SENTENCE"] THE NUMBER OF DAYS A PERSON WAS CONFINED PRIOR TO CONVICTION AND SENTENCE WHEREAS THE FAILURE TO DO SO: (1) EFFECTIVELY INCREASES THE ORIGINAL PRISON TERM IN VIOLATION OF THE MULTIPLE PUNISHMENTS PROHIBITION OF THE FEDERAL CONSTITUTION'S FIFTH AMENDMENT [AND] (2) IMPLICATES AN OFFENDER'S LIBERTY INTEREST IN BEING FREE FROM UNAUTHORIZED INCARCERATION."

**ANALYSIS**

I., II.

{¶9} Appellant's two assignments of error are related and will be considered together. He argues the trial court erred in failing to properly specify the amount of jail-time credit to which he was entitled, and that he did not receive jail-time credit. We disagree.

{¶10} Pursuant to R.C. 2967.191, "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting

trial * * *."  Appellant asserts he was held in the county jail awaiting trial in excess of 150 days.  Brief, 10.

{¶11} Appellant argues the trial court made no mention of jail-time credit at the sentencing hearing nor in the sentencing judgment entries.  However, he also concedes, "The Ohio Department of Rehabilitation and Correction, however, credited appellant for *162 days of jail-time credit arguably flowing from a 'letter from the sheriff.'"  (Emphasis and quotation marks in original, *sic*).  Appellant's Brief, 1.

{¶12} R.C. 2929.19(B)(2)(g)(iii) provides in pertinent part:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of the appropriate jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [of the appropriate jail-time credit], and the court may in its discretion grant or deny that motion. * * * *.

{¶13} The trial court has continuing jurisdiction to consider "any" and "all" errors, which includes both mathematical and legal errors. *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12 (4th Dist.); *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶ 8; *State v. Inboden*, 10th Dist. Franklin Nos. 14AP-312 & 14AP-317, 2014-Ohio-5762, ¶ 7-8.

{¶14} Appellant has not explicitly invoked the continuing jurisdiction of the trial court pursuant to R.C. 2929.19(B)(2)(g)(iii), however, the Ohio Supreme Court has held that a trial court's determination of a motion for jail-time credit pursuant to R.C.

2929.19(B)(2)(g)(iii) constitutes a special proceeding and affects a substantial right. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 12. We will therefore address the merits of appellant's argument.

{¶15} A trial court's denial of a motion to correct jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii) is reviewed under an abuse-of-discretion standard. *State v. Ragland*, 2d Dist. Champaign No. 2018-CA-11, 2018-Ohio-3292, ¶ 18. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} Appellant did not object to the jail time credit at the time of sentencing. Because appellant failed to raise the issue in the trial court when it could have corrected any error, he has forfeited all but plain error for purposes of appeal. *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 12; *State v. Beck*, 5th Dist. Ashland No. 21-COA-022, 2022-Ohio-2013, ¶ 15.

{¶17} Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial."

*Id.* The Ohio Supreme Court clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id.* at ¶ 22, *citing United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

{¶18} If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; the Supreme Court has "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, *quoting State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶19} In the instant case, jail-time credit was not addressed at the sentencing hearing or in the sentencing entries. R.C. 2929.19 specifies the duties that a trial court must perform when sentencing a defendant for a felony, including a duty to calculate jail-time credit. R.C. 2929.19(B)(2)(g) requires the trial court to follow a three-step process: First, at the sentencing hearing, the trial court must consider the arguments of the parties and determine the amount of jail-time credit due. If requested, it must conduct a hearing. Second, the trial court must notify the defendant of its determination at the sentencing hearing. Third, the trial court must include its determination in its sentencing entry. Thereafter, the defendant may file a motion to correct any error in the trial court's determination that he or she did not previously raise at the sentencing hearing.

{¶20} Despite the procedural deficiencies, appellant received jail-time credit, applied to his fourth-degree felony conviction for abuse of a corpse, for which he received a sentence of a definite term of one and a half years. Appellant therefore has not demonstrated plain error by establishing that the trial court's errors affected his substantial rights. *State v. Myers*, 11th Dist. Trumbull No. 2020-T-0006, 2021-Ohio-475, ¶ 55, *appeal not allowed,* 163 Ohio St.3d 1430, 2021-Ohio-1721, 168 N.E.3d 530.

{¶21} Appellant has not asserted that the amount of jail-time credit he received was incorrect , and has not established how his jail-time credit would have been different but for the trial court's procedural errors. *Myers*, supra, 2021-Ohio-475, ¶ 60. We note that the jail-time credit afforded appellant (162 days) is effectively the same amount of credit he claims he is entitled to ("* * * appellant was incarcerated * * * in the county jail facility for over *150 days * * *," Brief, 4). We fail to discern, and appellant does not reveal, how the outcome of a hearing on jail-time credit would be different when he has already received what he requests.

{¶22} In short, appellant has not demonstrated plain error at sentencing, and the trial court's decision to overrule the motion for jail-time credit is not an abuse of discretion.

{¶23} Appellant's two assignments of error are overruled.

**CONCLUSION**

{¶24} Appellant's two assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.